Dear Representative Hill:
This is in response to your request for an opinion on the following question:
 "Pursuant to subsection 9 of Section 163.031
(8) RSMo 1976 Supp. may a school district, which during the year transfers funds from the teachers' fund to the incidental fund but rebalances each fund in their proper 80%-20% by the end of the fiscal year, require that the teachers' fund pay the interest on any monies that the teachers' fund must borrow to meet its obligations while being temporarily deficient due to the transfer to the incidental fund?"
After telephone conversations with you, we understand the facts to be as follows: The school district upon receiving its September state allotment placed only 31% rather than 80% to the credit of the teachers' fund. The rest was placed in the incidental fund. As a result, the teachers' fund was put in a position of having to borrow money and pay interest on that loan. If the teachers' fund had received 80% of the September payment it would have had to borrow less money, or perhaps no money at all. The incidental fund, which would have had to borrow had it received only 20% of the September payment, was spared this necessity (and the additional expense of paying interest on a loan) by receiving 69% of that payment. You have informed us that the school district's reason for crediting only 31% of the September payment to the teachers' fund is that the school board did not want to show a negative balance for two funds and took the view that the law relating to school funds is complied with if by the end of the fiscal year 80% of the total state moneys received in that year are placed in the teachers' fund.
Section 165.011, V.A.M.S., provides in relevant part:
 "1. The following funds are created for the accounting of all school moneys: Teachers' fund, incidental fund, free textbook fund, building fund, and debt service fund. The treasurer of the school district shall open an account for each fund specified in this section, and all moneys received from the county school fund, all moneys derived from taxation for teachers' wages, all tuition fees, and not less than eighty percent of the state moneys received under sections 162.975 and 163.031, RSMo, and all other moneys received from the state except as herein provided, shall be placed to the credit of the teachers' fund. . . ."
Section 163.061, RSMo, states:
 "Not less than eighty percent of the state school moneys received under the provisions of subsections 1, 2 and 3 of section 163.031
shall be placed in the teachers' fund and the remaining percent of such moneys in the incidental fund."
The question thus becomes whether 80% of each payment received from the state must be placed immediately in the teachers' fund or whether it is sufficient if by the end of the fiscal year 80% of all such payments are credited to the teachers' fund.
A school board, as a creature of statute, can exercise only such authority as is expressly conferred or arises by necessary implication from powers that are expressly conferred. Wright v.Board of Education of St. Louis, 246 S.W. 43 (Mo. 1922); CapeGirardeau School District No. 63 v. Frye, 225 S.W.2d 484
(St.L. Ct.App. 1949). There is no express statutory authority to defer crediting the teachers' fund with its statutory percentage of state moneys until the end of the fiscal year. We believe the intent of the statutes quoted above is that when money earmarked for the teachers' fund is received (whether that is tuition fees, money from the county school fund, or the 80% of state money received under Sections 162.975 and 163.031, V.A.M.S.) it must be credited to that fund.
Additional support for this position is found in Section165.021.1, V.A.M.S., which provides:
 "All moneys received by a school district shall be disbursed only for the purposes for which they were levied, collected or received."
Eighty percent of these state moneys are received by the school district for the purpose of paying teachers' salaries. If this money is credited to another fund and disbursed to meet that fund's expenses, it is obviously not being disbursed for the purpose for which it was received.
It is our view that a school board is not authorized to place less than 80% of any state moneys received under Sections162.975 and 163.031, V.A.M.S., to the credit of the teachers' fund.
Very truly yours,
 JOHN ASHCROFT Attorney General